## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

ACTION RENTALS HOLDINGS, LLC,
a Florida Limited Liability Company,
and ACTION RENTALS, LLC, a
Florida Limited Liability Company,

                      Plaintiffs,

v.

WACKER NEUSON SALES
AMERICAS LLC, a Wisconsin Limited
Liability Company, and DOES 1-10,

                      Defendants.

CASE NO:

## COMPLAINT FOR DAMAGES

Action Rentals Holdings, LLC and Action Rentals, LLC (together, "Action Rentals," "Action Equipment" or "Plaintiffs"), Florida limited liability companies, files this Complaint for damages and demand for a jury trial against Wacker Neuson Sales Americas LLC ("Wacker Neuson" or "Defendant") and allege as follows:

## PARTIES

1.      Action Rentals are Florida Limited Liability Companies, both with a principal place of business at 3075 NW South River Drive, Miami, Florida 33142.

2.      Upon information and belief, Wacker Neuson is a Wisconsin Limited Liability Company with a principal place of business at N92 W15000 Anthony Avenue, Menomonee Falls, Wisconsin 53051.

## JURISDICTION AND VENUE

3.      This is a civil action seeking damages for breach of contract, equitable accounting, open account, account stated, unjust enrichment, fraud and fraudulent inducement.

4.      This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. § 1332(a)(1) because the damages sought in this civil action exceed the sum or value of $75,000, exclusive of interest and costs, and the dispute is between citizens of different states as stated herein.

5.      This Court also has personal jurisdiction over Wacker Neuson under Fed. R. Civ. P. 4(k)(1)(A) and Wisconsin Stat. 801.05(1)(c), (d) both because Wacker Neuson, when this action was commenced, was (and continues to be) a domestic limited liability company incorporated in Wisconsin and because it is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise, and whether this lawsuit arises within or without this state.

6.      This court also has personal jurisdiction over Wacker Neuson because Wacker Neuson has contacts with and directed toward the state of Wisconsin as it does business in Wisconsin.

7.      Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. 1391(b)(1) because Wacker Neuson resides in Waukesha County, Wisconsin and it is the only defendant in the case.

8.      Personal jurisdiction and venue are also proper in the Eastern District of Wisconsin because the contracts between the parties (defined as "Distributor Contract" below) provide that

2

the parties agreed that any dispute, claim or controversy arising thereunder or related thereto shall be resolved exclusively in the state and/or Federal courts located in Milwaukee County or Waukesha County, Wisconsin, and that the parties consented to and waived any objection to venue and/or personal jurisdiction in such courts.

9.      Service of process upon Wacker Neuson may and will be made upon its registered agent designated by law and appointed in the State of Wisconsin – Corporation Service Company, 8040 Excelsior Dr., Suite 400, Madison, WI 53717-2915.

10.     All conditions precedent to the filing, maintenance, and prosecution of this action have been satisfied, fulfilled, extinguished, waived, or otherwise excused.

## GENERAL ALLEGATIONS

### Action Rentals' Business

11.     Action Rentals operates a heavy equipment rental business in the Southeast United States, with locations in Florida, Georgia and Louisiana.  Action Rentals has been in operation since 2007.

### Wacker Neuson's Business

12.     Wacker Neuson operates a construction equipment supplier business throughout North America, including in the United States since 1957.  Wacker Neuson conducts business in Wisconsin, Florida, Georgia and Louisiana, among other states.

### Finance Agreements Between Action Rentals and Wacker Neuson

13.     Between July 2016 and January 2021, Action Rentals and Wacker Neuson entered into certain "Equipment Finance Agreements (Rental Fleet Financing)" whereby Wacker Neuson financed Action Rentals' purchase of certain construction equipment from Wacker Neuson (the "Finance Agreements").

3

14.     The amounts financed by Wacker Neuson as "Lender" and borrowed by Action Rentals as "Borrower" pursuant to the Finance Agreements were payable by Action Rentals under the terms set forth in the Finance Agreements, which are not at issue here.

**Wacker Neuson Fraudulently Induces Action Rentals to
Enter Into the Distributor Contract**

15.     Beginning in or around 2017 and through the end of 2021, Wacker Neuson made false statements to Action Rentals that it would pay Action Rentals certain fees and reimburse certain amounts pertaining to product repair work, and that Action Rentals would be entitled to certain rebates on its purchases of Wacker Neuson products, in exchange for Action Rentals' agreement to serve as Wacker Neuson's exclusive distributor of Wacker Neuson products in certain areas of Florida, Georgia and Louisiana.

16.     At the time that it made the false statements, Wacker Neuson knew that the representations were false because they had no intention of actually paying any fees or other amounts, or to provide rebates to Action Rentals, in exchange for Action Rentals' services as a distributor of Wacker Neuson products.

17.     At all relevant times, Wacker Neuson made such false statements with the purposeful intention of inducing Action Rentals to rely on them and enter into a distributor agreement with Wacker Neuson.

**Distributor Contract Between Action Rentals and Wacker Neuson**

18.     Beginning in or about June 1, 2017 through 2020, in reliance on Wacker Neuson's fraudulent misrepresentations as set forth above, Action Rentals and Wacker Neuson entered into a Distributor Agreement (the "Distributor Agreement") and the following related Distributor Expansion Program Agreements (collectively, the Distributor Agreement and the related

4

Distributor Expansion Program Agreements are referred to herein as the "Distributor Contract"):[1]

    a) 2017 Miami, West Palm Beach & Tampa Expansion;

    b) 2017 Orlando & Homestead, Florida Expansion;

    c) 2017 Vero Beach, Florida Expansion;

    d) 2018 Jacksonville, Florida Expansion;

    e) 2018 Hollywood & Fort Lauderdale, Florida Expansion;

    f) 2018 Pensacola, Florida Expansion;

    g) 2019 Atlanta, Georgia Expansion;

    h) 2019 Savannah, Georgia Expansion; and

    i) 2020 New Orleans, Louisiana Expansion.

19. Pursuant to the Distributor Contract, Action Rentals became the authorized and exclusive distributor of certain Wacker Neuson equipment and products in Florida, Georgia and Louisiana, including Wacker Neuson brand Compact Class Equipment ("CE Products" or "CC Products") and/or Light Equipment ("LE Products" or "LCE Products") (collectively, the "Products") under the Distributor Contract. Wacker Neuson and Action Rentals agreed to, *inter alia*, the following terms and conditions to support the growth and expansion of Action Rentals' CE Products and/or LE Products distribution business under the Distributor Contract:

    a) Action Rentals agreed to distribute, market, advertise, sell, rent-to-own, rent-to-rent, transfer or otherwise dispose of certain Wacker Neuson equipment and Products noted on Exhibit A of the Distributor Agreement. Action Rentals also agreed to distribute, market, advertise, sell, rent-to-own, rent-to-rent, transfer

---

[1] The Distributor Agreement and the Distributor Expansion Agreements contain confidentiality clauses and therefore copies thereof are not attached to this Complaint in an abundance of caution.

or otherwise dispose of any Products within Wacker Neuson's CE Products limited to the area of responsibility noted on Exhibit A of the Distributor Agreement.

b) Wacker Neuson agreed to pay Actions Rentals a fee of 4% of the invoiced amount for all direct sales by Wacker Neuson of new machines classified as CE Products to the identified types of purchasers located in the Areas of Responsibility noted on the Distributor Agreement (the "Prep Fee"). As consideration for the Prep Fee, Actions Rentals agreed to perform pre-delivery inspections of the machines in accordance with Wacker Neuson's procedures for pre-delivery inspections. Also, Actions Rentals was entitled to reimbursement under Wacker Neuson's warranty policy for any repairs required of the machines as a result of defects discovered during Action Rentals' pre-delivery inspections. Pursuant to Exhibit B of the Distributor Agreement, Wacker Neuson agreed to pay each Prep Fee within 30 calendar days of Wacker Neuson's receipt of the invoiced amount from the account debtor.

c) Wacker Neuson agreed that Action Rentals would be eligible to receive certain quarterly rebates from purchases of new CE Products excluding parts. The rebate percentage was based on the date of the order and was to be paid at the end of the quarter when the purchase was invoiced. The rebates were to be applied to the Advance Repayment. And, if Action Rentals repaid the Total Advance, the rebates were to be paid per Action Rentals' request.

6

**Wacker Neuson Continuously Breaches the Distributor Contract With Action Rentals**

20.     Action Rentals has fulfilled all its contractual obligations under the Distributor Contract, including providing continuous services as distributor of Wacker Neuson's Products as set forth in the Distributor Contract during the relevant periods.  In doing so, Action Rentals incurred certain extra-contractual expenses and costs associated with performing its work as Wacker Neuson's exclusive distributor that it would not have incurred had it not entered into the Distributor Contract with Wacker Neuson.  For example, Action Rentals incurred extra-contractual marketing, advertising and social media-related expenses due to Wacker Neuson's breach of the Distributor Contract.  Furthermore, at a cost to Action Rentals, Action Rentals built "brand recognition" for Wacker Neuson as Action Rentals rented out Wacker Neuson equipment to its customers at discounted rates so that customers could try the equipment and decide whether to buy or rent Wacker Neuson equipment as opposed to other brands in the market.

21.     Wacker Neuson, on the other hand, has breached the terms and conditions of the Distributor Contract as follows:

22.     Upon information and belief, Wacker Neuson continuously breached the Distributor Contract by selling its Products in violation of the Area of Responsibility restrictions set forth in the Distributor Agreement and never paying the amounts due to Action Rentals in relation to those sales during the Term of the Distributor Contract.

23.     Upon information and belief, Wacker Neuson repeatedly sold its Products bypassing Action Rentals so that Wacker Neuson could avoid paying Action Rentals the fees to which Actions Rentals was entitled under the Distributor Contract.

24.     Wacker Neuson's improper and illegal actions prevented Action Rentals from providing warranty and repair work pursuant to Exhibit B of the Distributor Agreement for certain

7

Wacker Neuson Products listed on Exhibit A of the Distributor Agreement. During the relevant time, Wacker Neuson denied over fifty (50) warranty claims without a valid ground, together totaling approximately $61,000.00. Additionally, when Action Rentals provided warranty and repair work, Action Rentals was also damaged as a result of Wacker Neuson's extended wait times to supply replacement parts because, *inter alia*, Action Rentals lost rent while the parts were off market and the warranty claims were pending.

25. Additionally, Wacker Neuson repeatedly breached the Distributor Contract by failing to pay Action Rentals the fee when due pursuant to Exhibit A-2 of the Distributor Agreement. Under Exhibit A-2, Action Rentals was entitled to the fee of 4% of the invoiced amount for all direct sales during the relevant period(s) by Wacker Neuson of new machines classified as CE Products to certain types of purchasers located in the Areas of Responsibility listed in the Distributor Agreement. Action Rentals also was entitled to the fee for its agreement to distribute, market, advertise, sell, rent-to-own, rent-to-rent, transfer or otherwise dispose of Wacker Neuson Products and CE Products limited to the Areas of Responsibility noted on Exhibit A of the Distributor Agreement.

26. Further, pursuant to Exhibit A-2, Wacker Neuson repeatedly breached the Distributor Contract by usurping Action Rentals' opportunity to be reimbursed under Wacker Neuson's warranty policy for work that would have been performed on equipment improperly sold in Action Rentals' territories.

27. Action Rentals made multiple good faith efforts to address the foregoing matters with Wacker Neuson. However, Wacker Neuson has failed to adhere to the terms and conditions of the agreed upon Distributor Contract.

8

28.     On December 30, 2021, Action Rentals wrote to Wacker Neuson to remind Wacker Neuson of its contractual obligations to Action Rentals under the Distributor Contract and to demand an audit of all sales of Wacker Products during the relevant periods covered by the Distributor Contract as well as warranty claims performed during the relevant periods.  Action Rentals noted in this letter correspondence with Wacker Neuson that it "has reason to believe that Wacker Neuson has violated the Agreements by performing sales within the Area of Responsibility, failing to notify Action Equipment of such sales and failing to process the payment of Prep Fee to Action Equipment accordingly."  Action Rentals demanded Wacker Neuson's written commitment, within ten (10) calendar days, to abide by the terms of the parties' Distributor Contract, and further demanded a list of all direct sales within fifteen (15) business days of Wacker Neuson's receipt of this letter.  Action Rentals' demand letter dated December 30, 2021 is attached hereto as **Exhibit A** and incorporated herein.

29.     Following Action Rentals' December 30, 2021 demand letter, Wacker Neuson has never provided the requested direct sales and warranty claim information and has never committed to complying with its obligations to Action Rentals under the Distributor Contract.  Instead, in a letter dated January 7, 2022 responding to Action Rentals' December 30, 2021 demand letter, Wacker Neuson took the position that, pursuant to the terms of a "Payoff Letter dated October 18, 2021" (the "Payoff Letter"), the Distributor Contract was terminated effective October 25, 2021, all past and ongoing debts, liabilities and obligations of Wacker Neuson to Action Rentals thereunder (including all fees owed under the Distributor Contract), were released, and therefore "Wacker Neuson has no obligation to provide Action Equipment with an audit of sales and warranty claims in any alleged Area of Responsibility."  A copy of Wacker Neuson's January 7, 2022 letter is attached hereto as **Exhibit B**.

9

**The Distributor Contract Was Terminated in October 2021, But Without Action Rentals'
Waiver or Release of Wacker Neuson's Contractual Obligations Thereunder**

30.     While the Distributor Contract between the parties was terminated effective October 25, 2021, and while Action Rentals did make a payment of $29,208,313.71 to Wacker Neuson (the "Payment"), which is the amount defined as the "Payoff Amount" in the Payoff Letter and which was in full compliance of all financial obligations due by Action Rentals to Wacker Neuson under the Finance Agreements and the Distributor Contract as of October 25, 2021, Action Rentals never counter executed the Payoff Letter, and thus "never agreed to release or discharge Wacker Neuson from its debts, liabilities and obligations pursuant to its contracts with Action [Rentals]." Such is confirmed in a letter dated January 20, 2022 from Action Rentals to Wacker Neuson, a copy of which is attached hereto as **Exhibit C**. The January 20, 2022 also confirms that, after receiving the foregoing Payment from Action Rentals, Wacker Neuson issued and filed all necessary Uniform Commercial Code terminations and/or releases relating to Action Rentals – further proof that Action Rentals has fulfilled all of its financial obligations to Wacker Neuson under the Finance Agreements and the Distributor Contract.

31.     A true and correct copy of the Payoff Letter, showing that it was not executed by Action Rentals, is attached hereto as **Exhibit D**. Importantly, no counterpart of the Payoff Letter executed by Wacker Neuson was ever executed by Action Rentals because Action Rentals did not agree to the terms of the Payoff Letter. As a result, Action Rentals never agreed to the release contained in pages 1 and 2 of the Payoff Letter on which Wacker Neuson now relies to avoid its contractual obligations under the Distributor Contract (the "Release") – the Release which states, in pertinent part, as follows:

> ***Upon (i) receipt by [Wacker Neuson] of an executed counterpart of this Payoff Letter from [Action Rentals]***, and (ii) receipt by [Wacker Neuson] of the Payoff Amount in U.S. Dollars by wire transfer of immediately available funds …

10

(a) all debts, liabilities and obligations of [Action Rentals] to [Wacker Neuson], and of [Wacker Neuson] and/or any of its Affiliates to [Action Rentals], under the Agreements, the Prebate Agreements between them and/or any distribution, distributor, dealer or similar agreement between [Action Rentals] or any of its affiliates, on the one hand, and [Wacker Neuson] or any of its affiliates, on the other hand (together "Distribution Agreements"), shall be automatically and irrevocably released, discharged and satisfied in full, and terminated and of no further force or effect (including, but not limited to, any "Area of Responsibility (AOR)" or other distribution rights, interests or remedies of [Action Rentals] or any of its affiliates thereunder), with no further action on the part of any person, all of the foregoing being irrevocably released by [Action Rentals] and [Wacker Neuson]….

(emphasis added).

32.     In addition, pursuant to the express terms of the Distributor Agreement, the Payoff Letter, which was never executed by Action Rentals, does not serve to waive the terms of the Distributor Contract, including Wacker Neuson's payment obligations to Action Rentals thereunder.  Specifically, paragraph 19 of the Distributor Agreement, and paragraph 12 of each of the Distributor Expansion Program Agreements, state: "No amendment or waiver of this Agreement shall be valid unless made in writing and signed by both parties."

33.     Action Rentals' January 20, 2022 demand letter attached hereto as Exhibit C confirmed that Action Rentals never executed the Payoff Letter and never agreed to the Release contained therein, and once again, for the second time, requested an audit, to be provided within five (5) business days, of all direct sales and warranty claims performed by Wacker Neuson within Action Rentals' Areas of Responsibility under the Distributor Contract.  However, as before, Wacker Neuson has refused to provide the requested direct sales and warranty claim information and has asserted, without any reasonable basis in fact, that Action Rentals agreed to all terms of the Payoff Letter, including the Release, and as such, Action Rentals has released all claims it may have had to fees and amounts due from Wacker Neuson under the Distributor Contract.

11

34.     To date, the only information provided by Wacker Neuson to Action Rentals concerning direct sales and warranty claim information relating to the Distributor Contract is the conclusory assertion that the only amount that would have been due by Wacker Neuson to Action Rentals is $15,000 for 2021, without providing itemized calculations or any other information used to arrive at the $15,000 figure.

35.     Moreover, Wacker Neuson's contention that it owes a mere $15,000 to Action Rentals for 2021 under the Distributor Contract – which has been in place since June 1, 2017 (almost five years) and includes distributor contracts covering territories throughout three states (Florida, Georgia and Louisiana) – is simply absurd and incredible.  In fact, upon information and belief, since the inception of the Distributor Contract in June 2017, Wacker Neuson has been selling its Products in Action Rentals' Areas of Responsibility – including several cities in Florida – but has failed, during the entire time that the Distributor Contract has been in place, to remit the associated fees and other amounts due to Action Rentals under the Distributor Contract based on those direct sales and warranty claims.

36.     Because Wacker Neuson has not provided information to Action Rentals concerning the nature or number of Wacker Neuson's aforementioned direct sales and warranty claims in Action Rentals' Areas of Responsibility during the Term of the Distributor Contract between June 1, 2017 and October 25, 2021, Action Rentals cannot currently calculate the amount it is actually owed pursuant to the Distributor Contract based on the information available to it, and it has been forced to bring this lawsuit against Wacker Neuson seeking damages, *inter alia*, for breach of contract, or alternatively unjust enrichment, as well as an equitable accounting for a determination of the amount Action Rentals is entitled to under the Distributor Contract, and for fraudulent inducement of contract.

37.     However, upon information and belief, throughout the entire term of the Distributor Contract between on or about June 1, 2017 to October 25, 2021, Wacker Neuson has continuously engaged in direct sales of new machines classified as CE Products to the identified types of purchasers located in Action Rentals' Areas of Responsibility as set forth in the Distributor Agreement, and was required to pay a Prep Fee to Action Rentals on each of those direct sales, which it has never done.  Wacker Neuson would also have been required to reimburse Action Rentals under Wacker Neuson's warranty policy for any repairs that may have been required as identified by Action Rentals with respect to each of the Products sold by Wacker Neuson without Action Rentals' knowledge.

38.     Action Rentals estimates that, as a result of Wacker Neuson's misconduct as set forth above, Wacker Neuson may owe Action Rentals, pursuant to the Distributor Contract, thousands of dollars in Prep Fees and the other aforementioned amounts.

### The Machine Fire Rental Charges Agreement

39.     In or around October 2020, Action Rentals rented a Wacker Neuson machine that it owned to one if its customers.  The machine ended up catching fire and was in service for repairs under Wacker Neuson's warranty for an extended period of time due to Wacker Neuson experiencing backorders on the parts necessary to fix the unit (the "Machine Fire Unit").

40.     Because the customer needed to keep working while the Machine Fire Unit was in service under Wacker Neuson's warranty, Wacker Neuson and Action Rentals agreed that Action Rentals would provide the customer a different machine owned by Action Rentals to use at no charge to the customer while the Machine Fire Unit was in service (the "Loaner Unit"), and Wacker Neuson would pay Action Rentals the monthly rental charges for the customer's use of the Loaner Unit until the customer's Machine Fire Unit was 100% fixed (the "Machine Fire Rental

13

Charges Agreement"). The Machine Fire Rental Charges Agreement is documented in email exchanges between the customer and the local action store, the local action store and Action Rentals management, and Action Rentals management and Wacker Neuson, that are attached hereto as **Exhibit E**.

41. Based on the Machine Fire Rental Charges Agreement, Action Rentals directed three invoices to Wacker Neuson corresponding to the rental charges for the Loaner Unit during the time that it was used by the customer pending repair of the Machine Fire Unit. One of the three invoices was paid by Wacker Neuson, but the two other invoices (Invoice # 26456A for rental dates 11/11/2020 through 12/9/2020 invoiced on 12/8/2020 for $9,800.00; and Invoice # 26456B for rental dates 12/9/2020 through 12/17/2020 invoiced on 12/18/2020 for $6,830.75) (together, the "Two Machine Fire Rental Invoices"), have never been paid by Wacker Neuson despite repeated attempts by Action Rentals to collect payment of same from Wacker Neuson. The Two Machine Fire Rental Invoices are attached hereto as **Composite Exhibit F**.

## COUNT I

## BREACH OF CONTRACT
### (Breach of Distributor Contract)

42. Action Rentals realleges the allegations contained within paragraphs 1 through 41 above as though fully set forth herein.

43. Based on the foregoing facts and subject to discovery of additional facts, Action Rentals and Wacker Neuson entered into various valid contracts that together constitute the Distributor Contract.

44. Action Rentals has at all times material hereto performed its obligations pursuant to the terms of the Distributor Contract.

45. Wacker Neuson has failed and refused to perform its obligations pursuant to the

14

Distributor Contract. Specifically, as set forth above and subject to further discovery, upon information and belief, Wacker Neuson has materially breached the Distributor Contract by failing to make payments due to Action Rentals under the Distributor Contract, including but not limited to, Prep Fees and payments under Wacker Neuson's warranty policy for repairs that would have been performed on equipment improperly sold by Wacker Neuson in Action Rentals' territories during the term of the Distributor Contract between June 1, 2017 and October 25, 2021.

46.     Upon information and belief, as a proximate result of Wacker Neuson's failure and refusal to fulfill its obligations pursuant to the Distributor Contract, Action Rentals has suffered damages in an amount to be determined at trial exceeding $75,000, exclusive of interest, attorneys' fees and costs.

## COUNT II

### EQUITABLE ACCOUNTING
### (Distributor Contract)

47.     Action Rentals realleges the allegations contained within paragraphs 1 through 41 above as though fully set forth herein.

48.     Based on the foregoing facts and subject to discovery of additional facts, Wacker Neuson has a legal duty to account to Action Rentals for certain amounts due by Wacker Neuson to Action Rentals for Action Rentals' services as a distributor of Wacker Neuson's products in Florida, Georgia and Louisiana between June 1, 2017 and October 25, 2021.

49.     Based on the foregoing facts and subject to discovery of additional facts, the nature of the business of the parties and the amounts owed to Action Rentals for its services as a distributor of Wacker Neuson's products, are of such number and complexity and show fraud such as to compel an accounting of Wacker Neuson's books and records concerning same.

50.     The Distributor Contract between the parties that has been in place for almost five

15

years involves extensive and/or complicated accounts, transactions and payment calculations, and upon information and belief, Action Rentals may be owed hundreds of thousands of dollars.

51.     Moreover, it is not clear that Action Rentals' remedies at law for Wacker Neuson's failure to comply with its obligations under the Distributor Contract are as full, adequate and expeditious as they are in equity.

## COUNT III

## QUANTUM MERUIT/UNJUST ENRICHMENT
### (Distributor Contract)

52.     This Count III is in the alternative to Count I above.

53.     Action Rentals realleges the allegations contained within paragraphs 1 through 41 above as though fully set forth herein.

54.     Based on the foregoing facts and subject to discovery of additional facts, Action Rentals, with the full consent and knowledge of Wacker Neuson, conferred a benefit upon Wacker Neuson by performing services as a distributor of Wacker Neuson's Products in Florida, Georgia and Louisiana between June 1, 2017 and October 25, 2021.

55.     Wacker Neuson voluntarily accepted and retained the aforementioned benefits conferred upon it by Action Rentals.

56.     Despite Action Rentals' repeated demands for payment for services rendered, Wacker Neuson has failed to pay or reimburse Action Rentals in any amount for the value of the above-referenced benefits.

57.     Accordingly, the circumstances are such that it would be inequitable to allow Wacker Neuson to retain the benefits of Action Rentals' services without paying to Action Rentals the reasonable value thereof.

16

## COUNT IV

## FRAUDULENT INDUCEMENT
### (Fraudulent Inducement of Distributor Contract)

58.     Action Rentals realleges the allegations contained within paragraphs 1 through 41 above as though fully set forth herein.

59.     Based on the foregoing facts and subject to discovery of additional facts, Wacker Neuson made false statements to Action Rentals concerning material facts, *i.e.*, that it would pay Action Rentals certain fees and reimburse certain amounts pertaining to warranty claims, and that Action Rentals would be entitled to certain rebates on its purchases of Wacker Neuson products, in exchange for Action Rentals' services in distributing Wacker Neuson's Products in Florida, Georgia and Louisiana during the relevant periods.

60.     At the time that it made the foregoing false statements, Wacker Neuson knew that the foregoing representations were false as they had no intention of paying the agreed upon fees or amounts, or of providing the agreed upon rebates, to Action Rentals.

61.     At all relevant times, Wacker Neuson made the aforementioned false statements with the intention or purpose of defrauding Action Rentals and inducing Action Rentals to rely on the representations and enter into the Distributor Contract as a result.

62.     Action Rentals has suffered damages caused by its detrimental reliance on Wacker Neuson's misrepresentations made prior to formation of the Distributor Contract in an amount to be determined at trial, including, *inter alia*, extra-contractual expenses and costs incurred in providing services as a distributor of Wacker Neuson's products in Florida, Georgia and Louisiana that Action Rentals would not otherwise have incurred absent Wacker Neuson's fraud that induced Action Rentals to enter into the Distributor Contract.

17

## COUNT V

## BREACH OF CONTRACT
### (Breach of Machine Fire Rental Charges Agreement)

63.     Action Rentals realleges the allegations contained within paragraphs 1 through 41 above as though fully set forth herein.

64.     Based on the foregoing facts and subject to discovery of additional facts, Action Rentals has at all times material hereto performed its obligations pursuant to the Machine Fire Rental Charges Agreement by providing the Loaner Unit to the customer in question during the time that the Machine Fire Unit was in service.

65.     Wacker Neuson has failed and refused to perform its obligations pursuant to the Machine Fire Rental Charges Agreement.  Specifically, Wacker Neuson has breached the Machine Fire Rental Charges Agreement by failing to pay Action Rentals the rental charges owed pursuant to the Two Machine Fire Rental Invoices.

66.     As a result of Wacker Neuson's failure and refusal to fulfill its obligations pursuant to the Machine Fire Rental Charges Agreement, Action Rentals has suffered damages in the amount of $16,630.75, exclusive of interest, attorneys' fees and costs.

## COUNT VI

## OPEN ACCOUNT
### (Machine Fire Rental Charges Agreement)

67.     This Count VI is in the alternative to Count V above.

68.     Action Rentals realleges the allegations contained within paragraphs 1 through 41 above as though fully set forth herein.

69.     Action Rentals and Wacker Neuson had a commercial relationship whereby Action Rentals purchased construction equipment from Wacker Neuson and rented same to customers

throughout the Southeast United States.

70.     In connection with this relationship, Action Rentals rented the Machine Fire Unit to a customer and Wacker Neuson subsequently agreed to pay all monthly rental invoices associated with Action Rentals providing the Loaner Unit to the same customer while the Machine Fire Unit was in service.

71.     Action Rentals provided Wacker Neuson with monthly invoices – the Two Machine Fire Rental Invoices - based on Wacker Neuson's agreement to pay rental charges relating to the Loaner Unit, and Action Rentals requested payment of these invoices from Wacker Neuson. Copies of the Two Machine Fire Rental Invoices are attached hereto as Composite Exhibit F.

72.     Despite Action Rental's repeated demands for payment in full for the Two Machine Fire Rental Invoices, Wacker Neuson has failed to pay the Two Machine Fire Rental Invoices.

73.     Wacker Neuson owes Action Rentals the sum of $16,630.75 that is due with interest on the account reflected in Composite Exhibit F hereto.

## COUNT VII

### QUANTUM MERUIT/UNJUST ENRICHMENT
### (Machine Fire Rental Charges Agreement)

74.     This Count VII is in the alternative to Count V above.

75.     Action Rentals realleges the allegations contained within paragraphs 1 through 41 above as though fully set forth herein.

76.     Action Rentals, with the full consent and knowledge of Wacker Neuson, conferred a benefit upon Wacker Neuson by providing the Loaner Unit owned by Action Rentals to the customer that had rented Wacker Neuson's Machine Fire Unit during the period that the Machine Fire Unit was being repaired under Wacker Neuson's warranty, at no charge by Action Rentals to the customer for the Loaner Unit.

19

77.     Wacker Neuson voluntarily accepted and retained the benefits conferred upon it by Action Rentals as set forth above.

78.     Wacker Neuson has failed to pay or reimburse Action Rentals for the value of the rental charges for the Loaner Unit during the relevant period.

79.     It would be inequitable to allow Wacker Neuson to retain the benefits of said benefits without paying to Action Rentals the reasonable value thereof.

**COUNT VIII**

**ACCOUNT STATED**
**(Machine Fire Rental Charges Agreement)**

80.     This Count VIII is in the alternative to Count V above.

81.     Action Rentals realleges the allegations contained within paragraphs 1 through 41 above as though fully set forth herein.

82.     Action Rentals and Wacker Neuson had a commercial relationship whereby Action Rentals purchased construction equipment from Wacker Neuson and rented same to customers throughout the Southeast United States.

83.     In connection with this relationship, Action Rentals rented the Machine Fire Unit to a customer and Wacker Neuson subsequently agreed to pay all monthly rental invoices associated with Action Rentals providing the Loaner Unit owned by Action Rentals to the same customer, at no charge to the customer, while the Machine Fire Unit was in service.

84.     Action Rentals provided Wacker Neuson with monthly invoices – including the Two Machine Fire Rental Invoices - based on Wacker Neuson's agreement to pay those rental charges relating to the Loaner Unit, and Action Rentals requested payment of these invoices from Wacker Neuson.   Copies of the Two Machine Fire Rental Invoices are attached hereto as Composite Exhibit F.

20

85.     Despite Action Rentals' repeated demands for payment in full for the Two Machine Fire Rental Invoices, Wacker Neuson has failed to pay the Two Machine Fire Rental Invoices.

86.     Wacker Neuson owes Action Rentals the sum of $16,630.75 that is due with interest on the account reflected in Composite Exhibit F hereto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Action Rentals seeks the following relief:

A.     As to Count I, a judgment against Defendant Wacker Neuson and in favor of Plaintiffs Action Rentals providing that Wacker Neuson must pay Action Rentals all fees and other sums it owes to Action Rentals pursuant to the terms of the Distributor Contract, in amount to be determined at trial exceeding $75,000.

B.     As to Count II, an order in equity requiring Wacker Neuson to provide information, documents and an accounting from its books and records of the following during the relevant 5-year exclusivity period of the Distributor Contract beginning June 1, 2017 and ending October 25, 2021, including *inter alia*:

1)     Invoices reflecting invoiced amounts for all direct sales during the relevant period(s) by Wacker of new machines classified as Wacker's CE Products located in Action Rentals' Areas of Responsibility set forth in the Distributor Agreement;

2)     All information concerning Products, machines and/or accessories purchased directly from Wacker or its affiliates in Action Rentals' Areas of Responsibility set forth in the Distributor Agreement; and

3)     All information concerning known repairs performed in Action Rentals' Areas of Responsibility set forth in the Distributor Agreement, including the account

21

debtors for the sales in question, repair estimates and receipts, and who performed the repairs.

C.  As to Count III, a judgment against Defendant Wacker Neuson and in favor of Plaintiffs Action Rentals for the reasonable value of the above-referenced services provided by Action Rentals to Wacker Neuson as distributor of Wacker Neuson's products in Florida, Georgia and Louisiana between June 1, 2017 and October 25, 2021, in an amount to be determined at trial exceeding $75,000.

D.  As to Count IV, a judgment against Defendant Wacker Neuson and in favor of Plaintiffs Action Rentals providing that Wacker Neuson must pay Action Rentals all extra-contractual expenses, costs or other sums, in amount to be determined at trial, incurred by Action Rentals in providing services as a distributor of Wacker Neuson's products in Florida, Georgia and Louisiana between June 1, 2017 and October 25, 2021, that would not have been incurred but for Wacker Neuson's fraud inducing Action Rentals to enter into the Distributor Contract.

E.  As to Counts V, VI, and VIII, a judgment against Defendant Wacker Neuson and in favor of Plaintiffs Action Rentals for the sum of $16,630.75.

F.  As to Count VII, a judgment against Defendant Wacker Neuson and in favor of Plaintiffs Action Rentals for the reasonable rental value, to be determined at trial, of the Loaner Unit provided by Action Rentals at no charge to the customer in question to replace the Machine Fire Unit during the time that it was in service.

G.  As to all Counts, pre-judgment and post-judgment interest.

H.  As to all Counts, attorneys' fees and court costs pursuant to law, as appropriate.

I.  As to all Counts, such other additional relief as the Court deems just and proper.

22

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

DATED this 7th day of July, 2022.

Respectfully submitted,

**FISHERBROYLES, LLP**

s/ Irene Oria

IRENE ORIA, ESQ.
FISHERBROYLES LLP
1221 Brickell Ave., Suite 900
Miami, FL 33131
Telephone: (786) 873-4603
*Counsel for Plaintiffs, Action Rentals, LLC and*
*Action Rentals Holdings, LLC*